IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WYVONNE RONTEA JONES**

    **Petitioner,**

v.                                         **CIVIL ACTION NO. 2:16-cv-32**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Wyvonne Rontea Jones's ("Jones") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Harold W. Clarke's (the "Respondent") Motion to Dismiss, ECF No. 12. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, Jones's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**, and Jones's Motion for Leave to Proceed in forma pauperis, ECF No. 9, be **DENIED**.

1

## I. FACTUAL AND PROCEDURAL BACKROUND

On December 16, 2011, Officer Brandon M. Foss of the Virginia Beach Police Department observed a vehicle being driven with what appeared to be an illegally tinted window. ECF No. 14 attach. 3 at 2. After Officer Foss observed the vehicle pull into the driveway of a home and park, he pulled the vehicle over to investigate the window tint. *Id.* Jones was the only occupant of the parked car, and he got out of the vehicle and began walking towards the house. *Id.* Officer Foss recognized Jones from two prior encounters, and Officer Foss proceeded to arrest Jones for operating a motor vehicle while a habitual offender. *Id.* During a search incident to the arrest, Officer Foss found two bags of marijuana in Jones's pants pocket. *Id.*

After placing Jones in the backseat of his police vehicle, Officer Foss approached the vehicle Jones had been driving to investigate the window tint. *Id.* Through the window, Officer Foss observed a firearm in a holster in the driver's seat near the belt buckle latch. *Id.* Officer Foss recalled from his prior encounters with Jones that Jones was a convicted felon. *Id.* After confirming Jones's felon status with a clerk at the National Crime Information Center, Officer Foss opened the driver's side car door, removed the firearm, and searched the vehicle. *Id.*

Jones is presently confined pursuant to a final judgement of the Circuit Court for the City of Virginia Beach ("trial court"). ECF No. 1 at 1. A jury convicted Jones of possession of a firearm by a convicted felon, in violation of Virginia Code § 18.2-308.2; 18.2-10. ECF No. 14 at 1. By order dated September 27, 2012, the trial court entered final judgment and imposed the jury's verdict of five years of incarceration. *Id.*, attach. 1. On June 6, 2012, Jones was found to have violated the terms of his previously suspended sentence for carjacking, and on September 12, 2012, the trial court ordered that the unserved portion, two years, of the sentence originally imposed on June 25, 2002, be executed. *Id.*, attach. 2.

Jones appealed his convictions to the Court of Appeals of Virginia on March 7, 2013. *Jones v. Commonwealth*, No. 1946-12-1 (Va. Ct. App. June 5, 2013). In this appeal, Jones alleged the following Assignments of Error:

1. The trial court erred in denying appellant's motion to suppress because the police search of appellant's car was an unreasonable search pursuant to *Arizona v. Gant*, 556 U.S. 332 (2009).

2. The trial court erred in overruling appellant's motion to strike the charge of possession of a firearm by a convicted felon because the evidence was insufficient to show that appellant constructively possessed the firearm.

3. The trial court erred when it sentenced appellant to two years in the penitentiary because, in imposing this sentence, the trial court partially relied on appellant's then-pending charge of possession of a firearm by a convicted felon, a charge for which the appellant may have been acquitted given the issues of the constitutionality of the search and the sufficiency of the evidence raised on appeal.

ECF No. 14 attach. 3 at 1.

The Court of Appeals of Virginia denied Jones's petition for appeal by order dated June 5, 2013. *Id.* On August 29, 2013, a three-judge panel of the Court of Appeals again denied the petition. *Id.* at 9. Jones appealed this decision to the Supreme Court of Virginia, and on January 23, 2014, the Supreme Court of Virginia refused his appeal. ECF No. 14 attach. 4 at 1.

On January 15, 2015,[1] Jones filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. ECF No. 14 attach. 5. He raised five grounds in support of his state habeas petition:

1. Ineffective Assistance of Counsel: counsel was ineffective for failure to challenge the Commonwealth's case during the revocation proceeding.

2. Ineffective Assistance of Counsel: counsel was ineffective for failure to object to hearsay testimony of the Commonwealth's witness, Officer Foss.

3. Ineffective Assistance of Counsel: counsel was ineffective for failure to object to Officer Foss's testimony regarding the probable cause to stop, detain, search and arrest petitioner.

4. Ineffective Assistance of Counsel: counsel was ineffective for failure to subpoena the person who owned the car and the gun to testify at trial.

5. Due Process: the police did not have probable cause to stop, detain and arrest the petitioner.

*Id.*

On July 6, 2015, the Supreme Court of Virginia dismissed Jones's first claim as untimely according to *Booker v. Dir. of the Dep't of Corr.*, 727 S.E.2d 650, 651 (Va. 2012) (concluding the limitation period for challenging revocation hearings in habeas corpus is one year after the circuit court enters the revocation order). ECF No. 14 attach. 5 at 1-2. The court dismissed grounds two through four and held that these claims failed to satisfy either the performance or the prejudice prongs of the two-part test from *Strickland v. Washington*, 466 U.S. 688, 687 (1984). *Id.* at 2-4. Lastly, the court held that Jones's fifth claim was a non-jurisdictional issue that could have been raised at trial and on direct appeal, therefore it was not cognizable in a

---

[1] This date is misstated as January 7, 2015, in Respondent's Brief in Support for its Motion to Dismiss, which affects Respondent's calculation of Jones's statute of limitations. *See* ECF No. 14 at 4. Respondent correctly identified the date earlier in the brief. *Id.* at 2.

4

petition for a writ of habeas corpus under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), cert. denied, 419 U.S. 1108 (1975). *Id.* at 4-5.

On January 22, 2016, Jones filed the instant Petition alleging multiple claims for habeas relief. ECF No. 1 In the body of his petition, Jones alleged as "Ground One" that he received ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when:

A. Counsel failed to raise proper objections to Officer Foss's testimony regarding probable cause to stop, detain, and search the car.

B. Counsel failed to challenge the false and misleading hearsay testimony from Officer Foss.

C. Counsel did not challenge the sentencing judge regarding the violation charge.

*Id.* at 4. In his memorandum attached to the petition, he relabeled "Ground One" as "Ground (B)," and added as "Ground (A)" a claim that "there was no probable cause to stop/detain and arrest petitioner" in violation of the Fourth Amendment. *Id.* at 17-24.

The Virginia Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss, brief in support and *Roseboro* Notice on July 8, 2016. ECF Nos. 12-14. Jones filed a reply brief on August 22, 2016, wherein he stated:

> I am unskilled in the law and d[o] not have proper or any research skills in an attempt to address those claims raised by the Respondent; I depend on others to aid and assist me in this legal matter which has diminished. I ask that this Honorable Court take into consideration that I am at a [h]andicap in providing [an] effectively, and meaningful presentation of my case.

ECF No. 18 at 1. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

5

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

The Court need not address the merits of Jones's habeas corpus petition because it is barred by the statute of limitations. Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or expiration of the time to seek direct review, or the factual predicate of the claim being asserted in the petition could have been discovered with due diligence, whichever is the latest. 28 U.S.C. § 2244(d)(1)(A).[2] For the following reasons, the undersigned concurs with Respondent's argument that Jones's Petition is time-barred.

The Supreme Court of Virginia refused Jones's petition on January 23, 2014. Jones's one year to file a petition in this Court began when his conviction became final ninety days later on April 23, 2014, at the expiration of his time to file a petition of certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that notice of appeal must be filed within ninety days after entry of final judgment); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (holding judgment became final when ninety-day period for filing a petition for certiorari with the United States Supreme court expired). Accordingly, Jones's deadline for filing a federal habeas petition was April 23, 2015, absent any tolling.

Jones filed his state habeas petition on January 15, 2015, 267 days after the federal habeas statute of limitations began to run. His state habeas petition tolled the federal habeas statute of limitations for 172 days, calculated from the date Jones's state habeas petition was filed, to July 6, 2015, when the Supreme Court of Virginia dismissed the petition. After the

---

[2] 28 U.S.C. § 2244(d)(1)(B), (C), and (D), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

Virginia Supreme Court's dismissal on July 6, 2015, Jones had 98 days remaining to file his federal habeas petition. Thus, Jones's deadline to file his federal habeas petition was extended to October 12, 2015. Jones filed on January 22, 2016, 102 days late. Consequently, this Court **FINDS** that Jones's Petition was untimely, and is saved neither by statutory tolling nor equitable tolling.

### *1. Statutory Tolling*

Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (denying statutory tolling to an improperly filed petition because the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Subsequently filed habeas petitions do not reset the date on which the one year period begins to run. *See, Engle v. Clark*, No. 3:12CV586, 2014 WL 2157616, at *3 (E.D. Va. May 23, 2014) (refusing to toll the time in which a state habeas petition was pending when it was filed after the one-year statute of limitations period expired).

Jones's state habeas petition was timely filed on January 15, 2015, 267 days after the statute of limitation began to run on April 23, 2014. *See* ECF No. 14 attach. 5 at 1. Accordingly, this was a "properly filed" petition, which is eligible for statutory tolling. *See* Va. Code § 8.01-654. The state habeas petition tolled the statute of limitations for 172 days from the period of

7

January 15, 2015, when Jones's state habeas petition was filed, to July 6, 2015, when the Supreme Court of Virginia dismissed the petition.

However, after Supreme Court of Virginia's decision on Jones's state habeas petition on July 6, 2015, the statutory tolling period ended, and, "[u]pon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Because Jones already let 267 days expire before filing his state petition, he had ninety eight days remaining, until October 12, 2015, to file his federal habeas petition in order to satisfy the one year limitations period. This federal habeas petition was filed on January 22, 2016, making his Petition 102 days late. Thus, the undersigned **FINDS** that Jones is not entitled to the amount of statutory tolling required to satisfy the limitations period.

## *2. Equitable Tolling*

The limitations period may also be eligible for equitable tolling "if [a petitioner] presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Most recently, the United States Supreme Court held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. To qualify for equitable tolling, a petitioner must overcome a high hurdle because only in "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result" will a court equitably toll the limitation period. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

With the petitioner's background in mind, the Court turns to the facts of this case. In Jones's response to the Respondent's Motion to Dismiss, Jones stated he was "unskilled in the law" and that he did "not have proper or any research skills in an attempt address those claims raised by the Respondent." ECF No. 18 at 1. Jones does not point to any specific, extraordinary circumstances beyond his control that hindered him from timely filing a § 2254 petition other than his lack of legal knowledge and research skills. However, a petitioner's unfamiliarity with the law does not qualify as extraordinary circumstances for granting equitable tolling. *United States v. Sosa*, 364 F.3d. 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Jones's sole argument for equitable tolling is his ignorance of the law, therefore, due to the absence of additional arguments for establishing extraordinary circumstances, there is no rationale on which the undersigned could apply equitable tolling, and thus consider the merits of his Petition.

It is appropriate for the undersigned to recommend dismissal of Jones's Petition as time-barred because Jones was given appropriate "notice and opportunity to respond" when the issue was raised in the Respondent's Motion to Dismiss. ECF No. 14 at 4-5; *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("We hold that when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the on-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ."). Jones had an opportunity to respond to the Respondent's Motion to Dismiss and present an argument which might have been sufficient to permit equitable tolling of the statute of limitations. However, Jones's response did not contain a sufficient

9

argument to permit equitable tolling, and accordingly, the undersigned **FINDS** that Jones's Petition is ineligible for equitable tolling of the limitations period.

### B. Conclusion

The one-year statute of limitations began to run on April 23, 2014, when Jones's conviction became final. Jones is entitled to 172 days of statutory tolling because his state habeas petition was properly filed. Jones has not established that he is entitled to any period of equitable tolling. Therefore, Jones had until October 12, 2015 to file his federal habeas petition. Jones did not file his Petition with this Court until January 22, 2016, which is after the statute of limitations expired. Therefore, the undersigned **FINDS** that the exceptional remedy of equitable tolling does not apply in this case, and Jones's Petition should be **DISMISSED** as time-barred.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and that Jones's Petition, ECF No. 1, be **DENIED and DISMISSED WITH PREJUDICE.** The Court also **RECOMMENDS** that Jones's Motion for Leave to Proceed in forma pauperis, ECF No. 9, be **DENIED** as moot because on June 3, 2016, the Court received the $5.00 filing fee, ECF No. 7.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Jones is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule

6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The Chief United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 31, 2016